UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVELLE JAMES KIMPLE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:15-cv-1703 JAM CKD P (TEMP)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Motion to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
3  1915(b)(2).

## II.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III.   Plaintiff's Allegations

Plaintiff claims that on January 26, 2014, defendant Officer Duink, presumably employed by defendant Sacramento Police Department ("SPD"), broke plaintiff's legs in a demonstration of

2

police brutality. Plaintiff also names an individual named Graham, but asserts no charging allegations as to him/her. Plaintiff seeks damages for pain and suffering.

IV. **Discussion**

    a. **Linkage**

Plaintiff names Officer Duink and an individual named Graham but asserts either no or minimal charging allegations as to either of them. Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff is required to allege specific facts linking each defendant to his claim. Plaintiff's claim that defendant Officer Duink broke plaintiff's legs, without more, does not sufficiently link this defendant to a deprivation of plaintiff's constitutional rights. Plaintiff must include sufficient information describing what happened, when it happened, how it happened, and why it happened. Additionally, plaintiff fails to assert any charging allegations as to defendant Graham. Accordingly, plaintiff's complaint will be dismissed with leave to amend.

    b. *Monell* **Liability**

Plaintiff also names SPD as a defendant. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Dept. Soc. Servs., 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this

route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although plaintiff names SPD, he makes no allegations that would sustain liability under Monell. He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by SPD. He also fails to allege that any omission on the part of SPD caused an employee to commit a constitutional violation.

Insofar as plaintiff intends to hold SPD liable under Section 1983 based solely upon the conduct of the individual defendants, this is improper as that would be "vicarious liability." See Connick v. Thompson, 563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their employees' actions").

Plaintiff therefore fails to state a claim against SPD. Plaintiff will be granted leave to amend, but should only do so if he believes he can amend in good faith.

   **c.   Excessive Force**

The Fourth Amendment prohibits the use of excessive force and arrests without probable cause or other justification. See Graham v. Connor, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' ... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); see also Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts ... the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

1  Graham, 490 U.S. at 396-97 (internal citations omitted). In applying this standard, the fact-finder
2  considers "the totality of the circumstances and ... whatever specific factors may be appropriate in
3  a particular case." Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010).

4  Factors to be considered in evaluating whether the force used was reasonable include "the
5  severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the
6  officers or others, and whether he is actively resisting arrest or attempting to evade arrest by
7  flight." Graham, 490 U.S. at 396 (citing Tennessee v. Garner, 471 U.S. 1, 8–9 (1985). Further, the
8  fact finder may consider "whether officers administered a warning, assuming it was practicable."
9  George v. Morris, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing Scott v. Harris, 550 U.S. 372,
10 381-82 (2007)). Ultimately, the "reasonableness" of the actions "must be judged from the
11 perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."
12 Graham, 490 U.S. at 396.

13 Here, plaintiff claims only that Officer Duink broke plaintiff's legs. Without any context
14 for the circumstances surrounding this conduct, the court is unable to determine whether plaintiff
15 states a claim. The court thus determines that the complaint does not contain a short and plain
16 statement as required by Fed. R. Civ. P. 8(a)(2).  Because plaintiff has failed to comply with these
17 requirements, the complaint must be dismissed.  The court will, however, grant leave to file an
18 amended complaint.

19 **V.     Conclusion**

20 Plaintiff's complaint fails to state a claim. If plaintiff chooses to amend the complaint,
21 plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of
22 plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the
23 complaint must allege in specific terms how each named defendant is involved.  There can be no
24 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
25 defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
26 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
27 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
28 violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 5OK7 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/mb;kimp1703.14new